IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00224-PSF-MJW

MPEG LA, L.L.C.,

    Plaintiff,

v.

MINTEK DIGITAL, INC.,
JIANGSU SHINCO DIGITAL TECHNOLOGY CO., LTD. and
SHINCO ELECTRONICS GROUP CO., LTD.,

    Defendants.

## ORDER ON PLAINTIFF MPEG LA L.L.C.'S MOTION
## FOR A TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff MPEG LA, L.L.C.'s ("MPEG LA") Motion for a Temporary Restraining Order ("Motion"). Having considered the Motion, the Memorandum of Law in support of the Motion, the Declarations of Terra Hardcastle, William Daugherty, Lisa Hudson and Dean Skandalis and the arguments of counsel, the Court finds as follows:

    1.    MPEG LA and Defendant Mintek Digital, Inc. ("Mintek") are parties to an MPEG-2 Patent Portfolio License (the "Contract") that covers products incorporating patented technology ("MPEG-2 Royalty Products");

    2.    The Contract requires Mintek to pay royalties to MPEG LA semi-annually for all MPEG-2 Royalty Products, including DVD players and recorders, that Mintek makes, has made or sells;

3.      Mintek has not paid all royalties owed to MPEG LA as they have become due;

4.      At some point in late 2006 and continuing into 2007, Mintek stopped accepting orders for its products and instructed its customers to order these products from a company called "SuperView;"

5.      Having previously formed and incorporated SuperView, in early 2007 Mintek then transferred its customer contacts and their accompanying Electronic Data Interchange ("EDI") information to SuperView;

6.      In January 2007, Mintek transferred most of its product inventory, including DVD players and recorders, to SuperView;

7.      There has been no evidence that SuperView provided Mintek reasonable equivalent value for the transfer of assets or that SuperView will pay the accrued royalties that Mintek owes to MPEG LA under the Contract.

Based on the foregoing, the Court finds as follows: (a) MPEG LA has a substantial likelihood of prevailing on the merits of its claim that Mintek's transfers of its information and inventory to SuperView were fraudulent under the Colorado Uniform Fraudulent Transfer Act, Colo. Rev. Stat. § 38-8-101, *et. seq.* (2007); (b) a temporary restraining order is necessary to preserve the status quo; (c) MPEG LA will suffer irreparable injury if it is denied such emergency injunctive relief; (d) the threatened injury to MPEG LA outweighs any potential harm that Mintek might suffer under a temporary restraining order; and (e) the entry of a temporary restraining order against Mintek is not adverse to the public interest.

IT IS HEREBY ORDERED that Plaintiff's Motion for a Temporary Restraining Order is GRANTED and that Mintek and its agents, employees, representatives, successors and assigns,

and all other persons, firms or corporations acting in concert, privity or participation with them shall be temporarily enjoined and restrained from transferring any assets or property from Mintek to SuperView or any other entity, except in the normal course of business, without the approval of the Court;

IT IS FURTHER ORDERED that Plaintiff post a nominal bond with the Clerk of the Court in the amount of $1,000;

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 65, there is good cause to extend this Temporary Restraining Order beyond the 10-day limit. Accordingly, the Temporary Restraining Order shall remain in full force and effect until the Court holds a hearing on a preliminary injunction, which is set for May 2, 2007, commencing at 1:30pm to determine whether the Temporary Restraining Order should be stricken or should be extended into a preliminary injunction. Hearing will be held before Judge John L. Kane in Courtroom A-802

Dated this 10th day of April 2007.

BY THE COURT:

_____
United States District Judge

3693877_1.DOC